UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DOMINIC MEDEIROS, SHEILA MARCIL, AND DINIZ MARTINS LUIS, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>WALMART INC. D/B/A SPARK DRIVER F/K/A DELIVERY DRIVERS, INC..<br><br>　　　　　　Defendants | No. _____ |

## CLASS AND COLLECTIVE ACTION COMPLAINT

1.　This case is brought on behalf of individuals who have worked as delivery drivers for on Walmart Inc.'s ("Walmart" or "Defendant") Spark Driver Platform. Through the Platform, Walmart employs "shoppers" and "drivers" who are scheduled through Walmart's mobile phone application. Walmart owns and operates the Spark Driver platform and uses the platform to employ drivers to perform Walmart same-day delivery service at Walmart locations across Massachusetts.

2.　As described further below, Walmart misclassified all delivery drivers as independent contractors when they are actually employees for the purposes of the Massachusetts wage laws. In doing so, Walmart has violated G.L. c. 149, § 148 and G.L. c. 151, §§ 1, 1A by failing to pay minimum wage and overtime premium to delivery drivers, and failing to reimburse them for all work-related expenses. Plaintiff brings this these claims on behalf of all similarly

situated employees pursuant to G.L. c. 149, § 150, G.L. c. 151, § 20 and Fed. R. Civ. P. 23. Plaintiffs also bring claims to recover unpaid overtime wages pursuant to 29 U.S.C. §§ 207, 216.

## PARTIES

3. Plaintiff Dominic Medeiros is an adult resident of Attleboro, Massachusetts. He has worked as a delivery driver for Walmart from approximately February 2022 to the present.

4. Plaintiff Sheila Marcil is an adult resident of New Port Richey, Florida. She has worked as a delivery driver for Walmart from approximately February 2022 to the present.

5. Plaintiff Diniz Martins Luis is an adult resident of Attleboro, Massachusetts. He has worked as a delivery driver for Walmart from approximately February 2022 to the present.

6. Plaintiffs bring their claims on behalf of a class and collective of all Walmart Spark drivers in Massachusetts.

7. Defendant Walmart, Inc. is a Delaware corporation with headquarters in Bentonville, Arkansas. Walmart performs substantial business in the Commonwealth of Massachusetts and employs hundreds of individuals at its business locations in Massachusetts.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because this action is based, in part, on the FLSA.

9. This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 as they are so related to their FLSA claims that they form part of the same case or controversy.

10. Venue is proper in this District because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred. Plaintiffs made a significant number of deliveries in Massachusetts.

## STATEMENT OF FACTS

11. Walmart is one of the nation's largest retailers and offers its customers same-day delivery across the United States.

12. Walmart contracts directly with hundreds of delivery drivers in Massachusetts to perform these deliveries. Although classified as independent contractors, these delivery drivers are actually Walmart's employees.

13. In order to engage these delivery drivers and assign deliveries, Walmart owns and operates the Spark Driver platform, which it acquired when it purchased Delivery Drivers Inc. in or around August 2022. Walmart and Delivery Drivers Inc. rolled out the Spark Driver platform in 2018.

14. According to an August 2022 news release on Walmart's corporate website, "nearly three-quarters of [Walmart] delivery orders [had] been fulfilled by drivers on the Spark Driver platform."

15. According to a mid-2023 news release on Walmart's corporate website, the Spark Driver platform, which "started as a way to provide delivery to customers in rural and suburban areas has grown to become Walmart's largest local delivery service provider."

16. According to the same 2023 news release, "[In 2018], Walmart offered grocery pickup in fewer than 2,000 stores and . . . grocery delivery to 800 locations. [By 2023], Walmart offer[ed] delivery from more than 4,000 stores. [Since 2018], the Spark Driver platform has grown to operate in all 50 U.S. states across more than 17,000 pickup points, with the ability to reach 84% of U.S. households."

17. As Walmart's website states, Walmart customers can use Walmart's website or app to order Same Day Delivery from Walmart. Walmart notifies customers when their order is on the way and customers can track their order's progress in Walmart's app.

18. Spark Drivers, including Plaintiffs, fulfill same-day delivery orders customers place with Walmart. The drivers either fulfill the order (shop) at Walmart or pick up a prepared order curbside or in-store and then deliver the order to the customer.

19. Walmart's website boasts that customers can "[t]ake advantage of Walmart's Everyday Low Prices on a huge assortment of groceries and more . . . by shopping online using Walmart's . . . delivery service. Simply place an order online, choose a timeslot, and an associate will gather your items and place them in bags. When your order is ready . . . your order can be delivered right to your door . . . If you're satisfied with your delivery experience, you can leave feedback and add a tip for your driver."

20. If customers have issues with their order or delivery, they may alert Walmart via its "Chat with us" button. If a customer cancels his or her order, or picks it up rather than having it delivered, Walmart will refund the customer's delivery fees and tips.

21. According to Walmart's website, https://drive4spark.walmart.com/, the Spark Driver platform allows anyone with a car and a smartphone to "shop or deliver for customers of Walmart and other businesses."

22. Spark Drivers must be over age 18, own a smartphone (iOS or Android 11 or newer), maintain and have proof of active car insurance, have a valid driver's license, have a clean driving record, have a clean and reliable vehicle, undergo training on how to use the app and how to deliver alcohol, and pass a background check.

23. Once a Spark Driver has been approved to drive, the Driver logs onto Walmart's Spark Driver app, turns on "Spark Now", and waits for a potential delivery order. If the Driver is able to select an order, she must drive to Walmart and shop for or pick up the order for delivery within the specified timeframe, typically immediately. If the Spark Driver has questions while shopping for an order at Walmart, she is directed to ask a Walmart associate for assistance. If the items in the delivery order are perishable and too much time has elapsed since a shopper (whether the Spark Driver or a Walmart associate) collected the items and they were transferred into the Spark Driver's car, Walmart cancels the order, the Spark Driver must return the items, and the Spark Driver is not paid for the time spent waiting for the items.

22. Walmart does not compensate Spark Drivers for the time spent logged into the Spark Driver app, time spent waiting for work, or time spent waiting at Walmart for a curbside pickup order.

23. Spark Drivers are not reimbursed for mileage, vehicle wear and tear, data use, or any other reasonably necessary expenses incurred in the course of performing services for Walmart.

24. Walmart controls Spark Drivers' schedules and pay; for example, Spark Drivers are unable to set or negotiate prices for the available jobs.

25. Walmart customers do not select their Spark Drivers but rather place their orders through Walmart.

26. Walmart collects payment per delivery from the customer and then pays its Spark Drivers per delivery. Spark Drivers may receive little or no pay for a shift because they receive few (or low fee) deliveries or are compelled to travel great distances for relatively inexpensive

orders.  Thus, Spark Drivers have not always received minimum wage for the hours they have worked, and overtime hours and pay is not available.

27. There are many weeks in which Plaintiffs and Spark Drivers have worked more than forty hours per week, and they do not receive any overtime premium.

28. Walmart classifies Spark Drivers, including Plaintiffs, as "independent contractors," but under Massachusetts law and the FLSA, they should be classified as employees.

29. Spark Drivers provide a service in the usual course of Walmart's business because Walmart offers this delivery service through its own website and app; Walmart refers to deliveries made by Spark Drivers as made through "Walmart's delivery service"; and Spark Drivers such as Plaintiffs perform that delivery service, first by fulfilling the order (shopping) or picking up the order and then by delivering the order to the customer.  Walmart holds itself out to provide grocery and home goods delivery, and it generates its revenue primarily from customers paying for these delivered goods. Without the Spark Driver platform to carry out fulfillment or curbside pickup and delivery of these orders, there would be no Walmart delivery service. On its corporate website, Walmart claims to have started the Spark Driver platform "to bring even more convenience to our customers by delivering groceries and essentials directly to their doors. To offer this service to all customers with speed, [Walmart] needed a delivery network that could reach rural and suburban areas. So [Walmart] launched the Spark Driver platform."

30. Walmart's Spark Drivers are not typically engaged in their own delivery business. When shopping for customers and delivering orders on the Spark Driver platform, Spark Drivers are doing work for Walmart.

31. Walmart also requires Spark Drivers to abide by a litany of policies and rules designed to control and direct Spark Drivers' work performance in detail. Walmart regularly exercises this control over the Spark Drivers' work.

32. Walmart determines Spark Drivers' pay. For example, Spark Drivers cannot negotiate the amount that they will be paid per order with the customer and are instead paid according to Walmart's formula (which is not clearly explained nor negotiated with the Spark Drivers). Pay is not based on hours or time worked.

33. Walmart may deactivate a Spark Driver if the Spark Driver misses deliveries, misses too many items, or cancels too many orders; if Walmart store staff complains about the Spark Driver; or if the customer complains about the Spark Driver, among other reasons. A deactivated Spark Driver may appeal a deactivation to Walmart.

34. Spark Drivers deliver household goods and other products that were manufactured out of state and thus are in interstate commerce.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

35. Plaintiffs have submitted complaints to the Massachusetts Attorney General requesting permission to file suit.

## COUNT I

### Wage Act

### MASSACHUSETTS GENERAL LAW CHAPTER 149 § 148

36. Defendant has violated the Wage Act, in that, delivery drivers have had to bear business expenses necessary to perform their work, including by not limited to gas and car maintenance, insurance, and supplies such as smartphones and data plans, in violation of Gen. L. c. 149 § 148. This claim is asserted pursuant to Mass. Gen. L. c. 149 §150.

## COUNT II

### Minimum Wage

### MASSACHUSETTS GENERAL LAW CHAPTER 151 §§ 1,7

37. As set forth above, Defendant has violated the Massachusetts Minimum Wage Law, M.G.L. c. 151, §§ 1 and 7, by failing to ensure that its delivery drivers are paid at least the full state minimum wage. This claim is brought pursuant to M.G.L. c. 151, §20.

## COUNT III

### Overtime

### MASSACHUSETTS GENERAL LAW CHAPTER 151 §§ 1A,7

38. As set forth above, Defendant has violated the Massachusetts overtime statute, G.L. c. 151, §§ 1A and 7, by failing to ensure that its delivery drivers are paid a time and a half overtime premium for hours work over forty per week. This claim is brought pursuant to M.G.L. c. 151, §20.

## COUNT IV

### Unjust Enrichment

39. Based on the facts set forth above, Defendant has been unjustly enriched at the expense of Plaintiffs and other delivery drivers, including by shifting its business expenses to its drivers and by misrepresenting the number of miles and, in turn, the amount of expenses that drivers would incur in performing their services.

## COUNT V

### Fair Labor Standards Act – Failure to Pay Overtime Wages

### 29 U.S.C. § 207

40. Plaintiffs and members of the proposed collective routinely worked in excess of forty (40) hours per week.

41. Defendant failed to pay Plaintiffs and other drivers at the rate of one-and-a-half times their regular rate for all hours worked in excess of forty.

42. The failure of Defendants to compensate Plaintiff and members of the putative collective for overtime work as required by the FLSA was knowing, willful, intentional, and done in bad faith.

**WHEREFORE**, Plaintiffs request that this Court enter the following relief:

A. Certification of this action as a collective action and notice to all other similarly situated employees pursuant to 29 U.S.C. § 216(b).

B. Certification of this action as a class action pursuant to Fed. Rule of Civil Procedure 23;

C. Restitution of the unpaid wages, including unpaid overtime and minimum wage and unreimbursed employment expenses;

D. Restitution of the proper hourly rate for all hours worked "off-the-clock" that were not recorded in Defendant's records;

E. Statutory trebling of damages and liquidated damages;

F. Attorneys' fees and costs;

G. Prejudgment Interest; and,

H. Such other relief as this Court deems equitable and just.

Respectfully submitted,

DOMINIC MEDEIROS, SHEILA MARCIL, AND DINIZ MARTINS LUIS, individually and on behalf of all others similarly situated,

By their attorneys,

*/s/ _ Matthew W. Thomson* _____
Shannon Liss-Riordan, BBO No. 640716
Matthew W. Thomson, BBO No. 682745
Jack Bartholet, BBO 712823
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
(617) 994-5800
sliss@llrlaw.com
mthomson@llrlaw.com
jbartholet@llrlaw.com

Dated:  August 15, 2024